IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AZAMAT ISKAKOV** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 25-7264 |
| | : | |
| **J. L. JAMISON, BRIAN MCSHANE,** | : | |
| **TODD LYONS, DEPARTMENT OF** | : | |
| **HOMELAND SECURITY (DHS),** | : | |
| **KRISTI NOEM, PAM BONDI** | : | |

# ORDER

**AND NOW**, this 29th day of December 2025, upon considering the verified Petition for habeas corpus (ECF 1), the United States' timely Opposition (ECF 7), carefully considering the uncontested allegations regarding the Petitioner's presence in our District while seeking asylum under an established procedure and Respondents do not claim Petitioner is a danger to person or property or a flight risk, mindful the United States repeats the same arguments from several earlier petitions, and finding, as we found last week and our colleagues in over three hundred cases nationwide have found before us facing similar fact patterns,[1] the Respondents are detaining Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as Mr. Iskakov is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to the Respondents) and allowing us to find Mr. Iskakov's Petition is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the verified Petition for habeas corpus (ECF 1) requiring we order:

1. Azamat Iskakov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. Respondents shall **forthwith** release Azamat Iskakov from custody and shall confirm their anticipated strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **2:00 PM EST** on **December 30, 2025**;

3. Respondents are temporarily enjoined from re-detaining Azamat Iskakov until no earlier than **January 6, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Iskakov with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4. Respondents cannot remove, transfer, or otherwise facilitate the removal of Azamat Iskakov from the Eastern District of Pennsylvania before an ordered bond hearing, but if an immigration judge finds Mr. Iskakov is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Iskakov from this District for unforeseen or emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Iskakov; and,

5. We **direct** the Clerk of Court **CLOSE** this case.

_[signature]_
KEARNEY, J.

---

[1] See *Dong v. Rose et al*, No. 25-7182, ECFs 6, 7 (E.D.Pa. Dec. 23, 2025) citing Judge Diamond's comprehensive November 18, 2025 analysis See *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025). The United States' response to Petitioner's habeas petition concedes all decisions in this District, thirty-three as of December 15, 2025, plus seventeen more decisions since December 15, are adverse to the United States' present position with another approximately twenty-six similar habeas petitions pending in this District. *See* ECF 7 at 1–2 n.1.

The United States candidly identified in its Opposition (ECF 7) and we identified more decisions rejecting the United States' position the Department of Homeland Security may properly detain an alien present in the United States without admission subject to mandatory detention without the prospect of release on bond during the pendency of administrative removal proceedings under 8 U.S.C. § 1225(b)(2) and the court's jurisdiction to consider a petition for release. *See Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, C.J.); *Djalilov v. O'Neill*, No. 25-6986, 2025 WL 3689147 (E.D. Pa. Dec. 19, 2025) (Rufe, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Garcia-Zamora v. Jamison*, No. 25-6656, 2025 WL 3642088 (E.D. Pa. Dec. 16, 2025) (Bartle, J.); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025); *Acosta-Cibrian v. Rose*, No. 25-6650, ECF 6 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025) (Rufe, J); *Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J); *Perez Suspes v. Rose*, No. 25-6608, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Soumare v. Jamison*, No. 25-6490, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.).